UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

TUCKER PAVING, INC.,

  *Plaintiff,*

v.

MARKEL AMERICAN INSURANCE
COMPANY,

  *Defendant*.

_____/

## COMPLAINT

Tucker Paving, Inc. sues Markel American Insurance Company ("MAIC"), as follows:

## NATURE OF ACTION

1. This is an action seeking damages resulting from MAIC's breach of an insurance policy issued to Tucker Paving.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the parties have complete diversity of citizenship, and the amount in controversy is more than $75,000.00, exclusive of costs, interest, and attorney's fees.

3. Venue is proper in this Middle District Court pursuant to 28 U.S.C. §1391, because the acts giving rise to this action occurred in Polk County, Florida, the

damages were incurred in Polk County, Florida, and Polk County, Florida is within the Middle District of Florida, Tampa Division.

## THE PARTIES

4.    At all material times, Tucker Paving was a Florida corporation with its principal place of business in Winter Haven, Florida.

5.    MAIC is a foreign corporation, incorporated in the State of Virginia with its principal place of business in Glen Allen, Virginia. At all material times, MAIC was licensed to sell and engaged in the business of selling inland marine insurance policies in Florida, including in Polk County.

## GENERAL ALLEGATIONS

### The Policy

7.    MAIC issued Inland Marine Installation Policy No. MKLM2IM0002371, effective March 25, 2024, to March 25, 2025, to Tucker Paving ("Policy"). A copy of the Policy is attached as Exhibit A.

8.    The Policy provides a Jobsite Limit of $1,000,000 and a Catastrophic Limit of $1,000,000 for property loss as follows:

**AGREEMENT**

In return for "your" payment of the required premium, "we" provide the coverage described herein subject to all the "terms" of the Installation Floater Coverage. This coverage is also subject to the "schedule of coverages" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, and examination of books and records.
Endorsements and schedules may also apply. They are identified on the "schedule of coverages".

*Tucker Paving, Inc. v. Markel Am. Ins. Co.*

**PROPERTY COVERED**

"We" cover only the following property and only to the extent the property is not otherwise excluded or subject to limitations.

1. **Coverage** -- "We" cover direct physical loss or damage caused by a covered peril to:

   a. "your" materials, supplies, fixtures, machinery, or equipment; and
   b. similar property of others that is in "your" care, custody, or control while at "your" "jobsite" and that "you" are installing, constructing, or rigging as part of an "installation project".

\* \* \*

1. **Debris Removal** –

a. **Coverage** -- "We" pay the cost of debris removal. Debris removal means the costs for the demolition, clearing, and removal of debris of covered property if such debris results from a covered peril.

b. **We Do Not Cover** -- This coverage does not include costs to:
   1) extract "pollutants" from land or water; or
   2) remove, restore, or replace polluted land or water.

c. **Limit** -- "We" do not pay any more under this coverage than 25% of the amount "we" pay for the direct physical loss or damage exclusive of the costs for debris removal. "We" will not pay more for loss to property and debris removal combined than the "limit" for the damaged property.

d. **Additional Limit** -- "We" pay up to an additional $5,000 for debris removal expense when the debris removal expense exceeds 25% of the amount "we" pay for direct physical loss or when the loss to property and debris removal combined exceeds the "limit" for the damaged property.

\* \* \*

1. **Business Personal Property** --

*Tucker Paving, Inc. v. Markel Am. Ins. Co.*

a. **Coverage** -- "We" cover direct physical loss or damage caused by a covered peril to business personal property that will not become a permanent part of a covered "installation project".

b. **Coverage Limitation** -- "We" only cover business personal property while at "your" "jobsite".

c. **Limit** -- The most "we" pay in any one occurrence for loss or damage to business personal property is $10,000.

2. **Expediting Expenses** –

a. **Coverage** -- When a covered peril occurs to a covered "installation project", "we" pay for reasonable expediting expenses necessary to complete installation, construction, or rigging by the date that installation, construction, or rigging would have been completed had the covered property not been lost or damaged.

Expediting expenses include, but are not limited to, additional:
1) labor or overtime;
2) transportation costs and storage expense;
3) expense to rent additional equipment; and
4) similar installation or construction expenses.

b. **Limit** -- The most "we" pay in any one occurrence for all expediting expenses is $10,000.

9. Tucker Paving performs construction services; accordingly, the Policy provided coverage for damage to Tucker Paving's jobsites.

Tucker Paving's Losses and MAIC's Refusal to Pay

10. On October 9, 2024, Hurricane Milton damaged 26 of Tucker Paving's jobsites in Polk County, Florida, by soil erosion, soil movement, debris, and other damage.

11. Tucker Paving timely reported the losses to MAIC on October 15, 2024.

*Tucker Paving, Inc. v. Markel Am. Ins. Co.*

12.     On October 16, 2024, via email, MAIC acknowledged receipt of the claim and advised it retained Engle Martin to investigate the claim.

13.     On October 22, 2024, Engle Martin sent a letter to Tucker Paving requesting more information regarding the claim.

14.     Tucker Paving provided Engle Martin with the requested information, and on December 20, 2024, Engle Martin sent a letter to Tucker Paving requesting more information to evaluate the claim.

15.     On January 15, 2025, MAIC sent an email to Tucker Paving stating that the claim remained open as Engle Martin continued to investigate.

16.     On February 14, 2025, Engle Martin sent a letter to Tucker Paving requesting more information to evaluate the claim.

17.     On March 17, 2025, Engle Martin sent a letter to Tucker Paving acknowledging receipt of the requested documents and further requested any additional relevant information to evaluate the claim.

18.     On April 14, 2025, MAIC sent an email to Tucker Paving stating that the claim remained open as Engle Martin continued to investigate.

19.     On April 14, 2025, Engle Martin sent a letter to Tucker Paving stating it received all necessary documentation to evaluate the claim.

20.     On May 14, 2025, MAIC sent an email to Tucker Paving stating that it received an updated report from Engle Martin and MAIC was reviewing it.

21.     On June 9, 2025, MAIC sent an email to Tucker Paving stating that it was still evaluating the claim.

22.    On July 29, 2025, MAIC sent an email to Tucker Paving stating that it was still evaluating the claim.

23.    On August 4, 2025, MAIC sent an email to Tucker Paving stating that it was still evaluating the claim.

24.    On August 5, 2025, Engle Martin sent a letter to Tucker Paving stating that it had received all requested documentation.

25.    On August 22, 2025, MAIC sent a letter to Tucker Paving advising that it was investigating the reported damage under a Reservation of Rights.

26.    On October 21, 2025, MAIC sent a letter to Tucker Paving improperly denying coverage on the basis of a flood exclusion.

27.    On November 7, 2025, Tucker Paving received a report from SOCOTEC Engineering ("SOCOTEC Report"), which evidenced wind damage to the jobsites due to unusually high wind speeds as the hurricane eyewall passed directly over the affected area. MAIC received the report via email on the same day. A copy of the SOCOTEC Report is attached as Exhibit B.

28.    On January 27, 2026, MAIC sent a letter to Tucker Paving reaffirming its coverage denial for the claim following its review of the SOCOTEC Report.

29.    On June 9, 2026, Tucker Paving filed a Civil Remedy Notice against MAIC with the Florida Department of Financial Services.

30.    As of the date of this filing, MAIC has not reversed its improvident denial of coverage.

*Tucker Paving, Inc. v. Markel Am. Ins. Co.*

Conditions Precedent to Litigation

31.    On April 2, 2026, Tucker Paving filed a Property Insurance Notice of Intent to Initiate Litigation with the Chief Financial Officer for the State of Florida's office, via the online portal, in compliance with Fla. Stat. § 627.70152.

32.    Tucker Paving engaged the undersigned counsel to represent its interests in this action and agreed to pay a reasonable fee for services rendered.

33.    All conditions precedent to bringing this action have been performed or have otherwise occurred.

## COUNT I: BREACH OF CONTRACT

34.    Tucker Paving re-alleges the allegations contained in paragraphs 1 through 32.

35.    Contract: The Policy constitutes a valid and enforceable contract under Florida law, and Tucker Paving satisfied all conditions necessary to maintain the Policy in full force and effect at all relevant times.

36.    Duty: The Policy obligates MAIC to indemnify Tucker Paving as alleged in paragraphs 1 through 32, subject to exclusions and limitations.

37.    Breach: MAIC failed to perform its obligations under the Policy as alleged herein and breached the Policy by failing to indemnify Tucker Paving for the losses attributable to the wind damage from Hurricane Milton.

38.    No exclusions or limitations in the Policy exclude coverage.

39.    Damages: As a direct, foreseeable, and proximate result of MAIC's breach of the Policy, Tucker Paving suffered and continues to suffer damages.

Page 7 of 8

*Tucker Paving, Inc. v. Markel Am. Ins. Co.*

WHEREFORE, Tucker Paving, Inc. demands judgment against Markel American Insurance Company for damages in an amount to be proven at trial, costs, pre- and post- judgment interest, and any further relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Tucker Paving, Inc. hereby requests trial by jury of all issues so triable.

Respectfully submitted,

**Ver Ploeg & Marino, P.A.**
100 S.E. Second Street
Suite 3300
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-6558

*/s/ Christine A. Gudaitis*
**Christine A. Gudaitis**
Florida Bar No. 0502693
**Mikaela A. Guido**
Florida Bar No. 1044177
cgudaitis@vpm-legal.com
mguido@vpm-legal.com
jpacheco@vpm-legal.com
mgarcia@vpm-legal.com
*Attorney for Plaintiff*
*Tucker Paving, Inc.*